Good morning, Your Honors. My name is Joyce Leavitt, and I represent Ms. Davis-Rice in this matter. If you could move over a little towards the microphone and speak up. Okay. Thank you. And I'd like to reserve a couple minutes for rebuttal as well. Your Honors, I first wanted to address the issues that we were asked to be prepared to address via the order that we got last week, and that was whether Ms. Davis-Rice's earned good time might have been forfeited under 18 U.S.C. 4165 because of the fact that she had escaped. And, Your Honor, it was something that we considered before filing the briefs. However, none of her good time credits were forfeited. Ms. Davis-Rice, after she was returned to the Federal facility, there was a disciplinary hearing on August 26, 2003. And we attached the notes from that in our motion to supplement the record. And during that hearing, Ms. Davis-Rice admitted that she had escaped from the camp, and the disciplinary hearing officer made findings based on her admission and imposed discipline of 30-day segregation as a consequence. So I think that the Bureau of Prisons could have forfeited her good time, but it had a hearing and decided not to. For that reason, there's no documentation of any forfeiture. And I think at this point the government wouldn't have waived any arguments about forfeiture. It was aware of the facts, the hearing already proceeded, and there was no good time forfeited. With respect to the next issues, Your Honor, Ms. Davis-Rice is entitled to the statutory good time credit towards her pre-guidelines Federal sentences at a rate of 10 days per month. I think it's undisputed that Ms. Davis-Rice is entitled to some statutory good time credit towards those sentences. And the question is, how much credit is she entitled to? Based on what the Court should do is to aggregate the Virgin Islands sentence with the two Federal sentences. If those sentences are aggregated, then all three sentences as a total, the total time in custody is more than 10 years, so that the good time credits awarded would be 10 days per month. Under 18 United States Code Section 4161, which is the statute that the district court correctly held applies to the Virgin Islands sentence for purposes of whether she gets statutory good time under the Federal law, that same statute provides that when two or more consecutive sentences are to be served, that the aggregate should be the basis. The Bureau of Prisons also have policy statements that require it to aggregate the pre-guideline sentences. And there's also case law, not in the Ninth Circuit but other circuits, that say that they should be aggregated for determining the good time credits. So for the same reason that the Court correctly applied 4161 to the Virgin Islands sentence for purposes of determining statutory good time credit, the same statute should be applied for purposes of determining aggregation. Now, the district court, I believe, incorrectly found that Ms. Davis Rice could not challenge how much good time credit she should get on the Federal sentences because those sentences had already been served. But the case law indicates that once sentences are aggregated, they remain aggregated even after a prisoner finishes serving one of those sentences. And so here, even though Ms. Davis Rice was done with those sentences, as long as the Virgin Islands sentence is aggregated with those sentences, we could go back and correct the good time credits awarded on the Federal sentences. Moreover, the government says that Ms. Davis Rice's Federal sentence that it vested, the good time vested, when she completed those sentences in 1996. But in 1996, when she completed the sentences, the Bureau of Prisons had properly aggregated the Virgin Islands sentence with the Federal sentences and had awarded her the full 10 days' good time credit on those Federal sentences. And it was only after she completed those sentences that they then de-aggregated it. So as a matter of fairness, if they can de-aggregate them after the sentences have been completed, we certainly should be able to re-aggregate them, consistent with the district court's opinion, that 4161 should apply to the Virgin Islands sentence. If your position is correct, when would she be released? Your Honor, I'm not actually sure in terms of the good time credits, because she's still getting good time credits at this — well, I guess there's another issue about whether she gets the extra good time. Well, what's the quantum — forget release — what's the quantum of good time credit she's entitled to, if you're absolutely correct on your theory? The quantum of all of the good time credits? How much good time credit is she entitled to? If you don't know, that's fine. I don't know, Your Honors. I apologize. It was — I don't know exactly. Absent good time, how much time does she have left on her sentence? Absent good time, I think that the Bureau of Prisons has calculated that she's done in around 2010. The other issues, Your Honors, is whether Ms. Davis-Rice is entitled to the extra good time credits under the Statute 4162 towards her Virgin Islands sentence. I think it's undisputed that she gets those extra good time credits towards her Federal sentences, and it's just a question of ensuring that the Bureau of Prisons properly awards those. And it didn't appear in the calculation sheets that we had, but I think that there's not a dispute that that she's entitled to. The major issue with respect to the extra good time credits is whether that statute, 4162, would apply to the Virgin Islands sentence. And, Your Honors, for the same reasons that the district court correctly found that 4161 applies to the Virgin Islands, statutory good time credits, the companion statute, 4162, should also apply for purposes of determining extra good time credits. In the district court, the government had argued, in fact, had agreed that these statutes are companion statutes. And the specific language in 4162 indicates that this should be applied under the same terms and conditions as the good time, which is the same terms as the good time, which is referenced in 4161. The government found that — I'm sorry, the government. The district court found that these claims were not exhausted, and therefore, that it was mandatory that they be waived. And there's a couple of things with respect to that. First, Ms. Davis-Reyes did exhaust her remedies at the administrative level. She — she did the different — Kennedy. Dispute whether she had to go exhaust them not only with the Bureau of Prisons, but with the Virgin Island authorities, too? Your Honor, I think that the district court did not make any distinction. I know that the government, in their briefs, are saying that she failed to exhaust her remedies with the Virgin Island's authorities. And your position is that she's like anybody else, says to go through whatever any Federal prisoner has to do to exhaust, but no more, while she's in the Federal prison? Correct, Your Honor. And for that reason, because the — she's challenging what the Bureau of Prisons is now doing. She has no requirement to go to the Virgin Islands and try and exhaust remedies with that agency. All right. Do you want to save the last two minutes? Yes. Yes. Thank you. I don't want to sound like one of the district judges in one of our earlier cases, but couldn't you resolve this? We couldn't, Your Honor. And I think the problem — I'm sorry if it may please the Court. The problem is that there's a — there's a basic issue of statutory interpretation here that governs — that would govern more than this sentence and that involves quite a significant amount of time if all of what Petitioner's asking for is granted. So what I'd like to do — The main issue, whether the good time rule applies to a sentence from the Virgin Islands that's being served along with a Federal sentence? Yes. Yes. The issue — I mean, the interplay is between Statutes 4161 and 5003 of Title 18. 4161, which provides the old law, Federal good time credit computations, and the rule for aggregation applies by its own terms for offenses against the United States. So that statute taken by itself would not apply here. The way that it is looped in is through 5003C. That's the statute that addresses contracts for borders from states and territories into the Bureau of Prisons. And that statute provides that borders are subject to the rules and regulations of the Bureau of Prisons, as would other Federal prisons be. But it provides an important exception unless it would be inconsistent with the sentence imposed. The problem with what Petitioner's asking for here is by applying Federal good conduct time, extra good conduct time, aggregation schemes to a territorial sentence, it's inconsistent with that sentence, because that's a territorial sentence. Sentence, territorial sentence, talk about good time? They give you five years, ten years, right, just the way our sentences do. Exactly. But as a matter of statutory law, Your Honor, under — whether it's Federal law or whether it's territorial law, good conduct time attaches to that sentence. Parole eligibility attaches to that sentence and significantly affects the length of the sentence. So certainly — Isn't the purpose of good time, isn't that — doesn't that benefit the prison? I mean, don't you — you get your inmates to behave well because they get rewarded for it? And it's a policy that the Bureau of Prisons, I would think, would encourage. They want their people they're holding to get good time credit. But do you think you're prohibited from doing what's good for you? And we're not — we're not arguing she's prohibited from getting good time credit, Your Honor. She simply gets it under the Virgin Islands scheme. The Virgin Islands Board of Corrections calculated the sentence. They calculated the length of the sentence, the parole eligibility date, the good time credit. So it's not a question of whether she gets any credit. It's a question of which statute applies. I assume — I assume that you think the 10-day credit is good for people you're holding X number of years, that that's a good thing. But you think you're prohibited from treating people that you're — you've got your contract borders. You're prohibited from treating them in the same way as your other prisoners. Yes. Even though it says that all of your rules and regulations, they'll be treated the same way. Unless inconsistent with the sentence imposed. Has the Virgin Islands taken any position on this? Yes. Well, the Virgin Islands has — they've calculated the sentence, and that's set forth in the supplemental excerpts of record at page 1. Have they said to the Bureau of Prisons, we don't want you to give people the same treatment you're giving your other prisoners? Well, they've calculated — they've applied their own good credit rate to this sentence, and they've applied their own parole eligibility date to this sentence, and that's at page 1 of the supplemental excerpts of record. So the — Is this a big class of cases, or is this sui generis? It is — it is neither. There are probably other cases, but because it's old law and because this contract with the Virgin Islands — You've got old law, contract, Virgin Islands. Is that — is this it, or is there, like, a big flood of cases out there? Certainly not in this part of the country, simply because borders from the Virgin Islands very rarely come here. So it is — it doesn't matter. Plus, the contract is no longer in effect. So there no longer is a boarding contract. Not only is it old law, Virgin Islands, it's a contract for borders that doesn't exist anymore. Yes. You don't take these borders in anymore. Not from the Virgin Islands. I don't believe that's the case with the States. These borders. Right. So there very well could be State borders, military borders, District of Columbia borders. And as far as the — I'm sure there are very many, frankly. But as far as Virgin Islands borders — What amount of difference are we talking about? Is it possible to quantify that? I can do that generally. The amount — Give us the ballpark idea. The ballpark is one year. If she's right, she's — her client is entitled to how much? About two years. And if you're right? About one year. If we're right, if the district court's affirmed, it's, I believe, about 10 months to a year that she gets off of her sentence. It's, I believe, about another year if the sentences are aggregated and all that additional credit is applied. Does your client take six months? Yeah, boy. Your Honor, I think it's just a matter of assessment of the situation. I might have to actually use — Well, whatever the difference is, are you opposed to talking with a mediator about trying to get to a point where you would get some extra good time from your point of view and where the government might — they don't have to, but might give up sometime? And not get an opinion that would cause tremendous disruption in our relations with the Virgin Islands? What's the Bureau's position on mediation? We would do that, Your Honor. If I may, a short word on the court's order. We agree with Petitioner. We didn't forfeit the time. And the reason is that the BOP felt that good time credit was a Virgin Islands calculation. So the decision was consistent with that. The exhaustion issue, the two Third Circuit cases, Caldwell v. Enos, makes it pretty clear — that case makes it pretty clear exhaustion has to be to the Virgin Islands. In the Graham v. Lanfong case, which is this other Third Circuit case that Petitioner relies on, and interestingly, their exhaustion is to the Virgin Islands, even though the Virgin issues whether the Virgin Islands should be calculating with Bureau of Prisons good time rate. In the Caldwell case, the Petitioner is in South Carolina on a boarding contract. So it's not an issue about whether the person is actually sitting in the United States or sitting in the Virgin Islands. Those cases — the Caldwell case is pretty clear. That's where exhaustion should have been. Finally, the court's order — I believe that's all of our position, Your Honor. We're going to submit at this point. Thank you, Your Honor. All right. You have a little under two minutes, if you — I'll talk quickly, Your Honors. Your Honors, with respect to whether applying either 4161 or 4162 would be inconsistent with the sentence imposed, which is the language under 1865003, subsection C, first of all, in the district court, the government took the position that the good time credits are not technically part of the sentence imposed. So my view would be that they've waived that argument here. Moreover, the Ninth Circuit has found in Raines v. U.S. Parole Commission that the good time credits do not reduce the sentence itself, but only the period of incarceration. So the fact that the sentencing judge imposes the sentence, and then the Bureau of Prisons calculates how that's going to be done. So good time credits, I would say, are not inconsistent with — awarding good time credits are not inconsistent with — What's wrong with the district judges holding that this should be taken up with the Virgin Islands people about counting the good time, whether it's seven days or ten days? Your Honor, one thing is that I'm not sure whether the district court made the distinction. But to the extent that that was what the district court was indicating, the cases that talk about exhaustion before the Virgin Islands, such as the Colwood case, in that case, the Petitioner was actually challenging a parole eligibility date that the Virgin Islands Department of Corrections has imposed. So in that case, the Petitioner was challenging the Virgin Islands Corrections decisions. In this case, the Petitioner is challenging only what the Bureau of Prisons has done and not the Virgin Islands, because the Bureau of Prisons is the one — Is the exhaustion issue, does that apply to both the regular good time and the extra good time, or only the extra good time? The exhaustion issue, I think, applies only to the extra good time. I think the question with respect to the statutory good time, that there's not a question that she's exhausted her remedies. I mean, at least the government hasn't raised the issue. Well, that was my understanding, that they were — the government was only asserting that they failed to exhaust any extra good time, is that — And moreover, the district court already made the determination, which the government didn't appeal, that 4161 applies to the Virgin Islands sentence for the good time. All right. Well, thank you. Thank you, Your Honors. Case just argued will be submitted. The final case of the morning.
judges: Goodwin, Reinhardt, Hawkins